[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Department of Economic Development's Certification Review Committee (the Committee), refusing to certify appellant company as a Woman's Business Enterprise.
FACTS AND TRAVEL
The following facts, as revealed by the record, appear undisputed. Marshe Construction Company (Marshe) is a concrete construction firm that was established by Martha Shean in 1984. At the time, Martha Shean was the sole stockholder and officer of the corporation. In May, 1991, another woman, Arlene Anderson, became a partner in the corporation, although Martha Shean ultimately purchased Anderson's shares in February of 1992. Since its inception, no other person has held shares in Marshe.
Prior to beginning Marshe, Martha Shean worked for nine years as a secretary for Shean Associates, a general contractor owned and operated by Martha's husband, George Shean. Shean Associates was dissolved in October, 1991, due to bankruptcy.
Marshe Construction remained dormant from its creation in 1984 until September of 1990, when it began actively to conduct business. Martha Shean continued to work for her husband's firm during this period of dormancy.
On September 17, 1991, Marshe filed an application with the Department of Economic Development's Office of Minority Business Assistance (OMBA) for certification as a Woman's Business Enterprise (WBE). Certification would entitle Marshe to compete for a percentage of state contracts set aside for minority and women contractors. In response to Marshe's application, the OMBA conducted an on-site certification review, examined Marshe's corporate records, and prepared a report of its findings. This report recommended that certification be denied. The OMBA explained as follows:
 Regulation 49 CFR Part 23 requires that the minority/female owner of a DBE/WBE firm possess the power to control the day-to-day and major decisions of the business. The record evidence in this matter clearly reveals that the individual associated with Shean Associates who possesses the background and technical expertise to control the affairs of the firm is not Martha Shean, but her husband George Shean. Mr. Shean has many years of experience in the construction field and is responsible for the critical areas of the firm's operations (estimated and supervision of field operations). Family-run businesses such as Shean Associates where husband and wife share management and control responsibilities, do not qualify for certification as a DBE/WBE firm. This is especially true in cases such as the instant one, where the female owner lacks the background and expertise to manage and control the day-to-day and major decisions of the firm.[1]
On January 24, 1992, the Certification Review Committee held a hearing, at which Martha Shean testified. On June 30, 1992, the Committee issued a letter to Marshe denying certification and explaining that:
 It is the consensus of the Committee that you have failed to convince them that you have the requisite experience and background to control the day to day and major decisions of the business. The record evidence in this matter reveals that the individual associated with the company who possesses the superior background and technical expertise to control the affairs of the firm is your husband, George Shean.
 CFR 43 Part 23.53(4) states, "If the owners of the firm who are not minorities or women are disproportionately responsible for the operation of the firm, then the firm is not controlled by minorities or women and shall not be considered an MBE within the meaning of this part."
 Marshe appealed this decision to this court.
STANDARD OF REVIEW
Appeals from agency decisions are governed by R.I. Gen. Laws Section 42-35-15, the Administrative Procedures Act. The Act allows a court to reverse or modify a decision if "substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 1) In violation of constitutional or statutory provisions;
 2) In excess of the statutory authority of the agency;
 3) Made upon unlawful procedure;
 4) Affected by other error of law;
 5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In reviewing the decision, the court must not weigh the evidence but merely determine whether there is any legally competent evidence to support the decision. EnvironmentalScientific Corp. v. Durfee, 621 A.2d 200, 208 (R.I. 1993); Cityof Providence v. McLaughlin, 593 A.2d 1345, 1348 (R.I. 1991).
DISCUSSION
Appellant essentially argues that the decision of the Committee to deny certification was unsupported by the evidence contained in the whole record. Marshe emphasizes that the decision was based on non-compliance with a single section of the federal regulations. As noted above, that section deals with the effect of disproportionate control by non-minority or non-women "owners." It is clear from the language of this regulation that, in order for the regulation to apply, there must be in fact some non-minority or non-women owners. Although the Committee made no specific findings of fact regarding ownership, by referring to 23.53(4), they implicitly found that such ownership existed here. This finding is unsupported by the record. Martha Shean's testimony and the corporate documents reviewed by OMBA clearly show that Martha Shean is the sole record owner of Marshe. Although another woman shared ownership of the corporation at one time, no male or non-minority ever shared ownership of the corporation with Martha.
Appellant further argues that, even beyond the ownership issue, the Committee's decision is unsupported because there is no evidence in the record that George Shean controls the day-to-day and major decisions of the corporation. While the Court agrees that there is insufficient evidence of ownership by George Shean, the Court finds sufficient evidence to support the finding of control by him.
I. The Committee's Factual Findings
The testimony and the documentary evidence presented to the Committee revealed that George Shean had been the owner and operator of a construction company which was dissolved just one year following the active start-up of Marshe Corporation. (R. at 24.)[2] It reveals that Marshe's business was conducted in the very same office building in which George Shean's business was operated and that the building was owned by the Sheans. (R. at 24.) The record also indicates that George Shean, whose own company was in the process of bankruptcy, was employed by Marshe as its Chief Estimator and Project Manager but purportedly received no salary for his work. (R. at 24-5.) Finally, Martha Shean conceded that her husband possessed greater technical and construction expertise than herself (R. at 18, 21), and in fact, Martha Shean was unable to answer satisfactorily a technical question asked of her by a member of the Committee. (R. at 19.)
Appellant argues that the Committee's inferences, from the above facts — that George Shean controlled Marshe and that Martha Shean lacked the ability to control it — were merely speculative and conjectural. Marshe argues that the decision, to the extent that it was based on such speculation, was arbitrary and capricious. The Court disagrees. Although the evidence before the Committee was mainly circumstantial, taken together it provides some legally competent support for the Committee's finding that George exercised control over the business. The circumstantial nature of the evidence does not render it incompetent. Clifford S. Fishman, Jones on Evidence Section 1:5 (7th ed. 1992). Admittedly, the evidence before the Committee presented a close case. Certain facts could support a contrary decision. For example, Martha Shean was the sole record shareholder of the company, she testified that she spent about half of her time actually supervising in the field, and she had taken several courses in construction in an attempt to gain expertise. (R. at 18.) However, the weighing of the facts was a task within the purview of the Committee and involved a credibility determination requiring the Committee to decide whether Martha Shean's testimony adequately explained the circumstantial evidence that raised doubts as to control. The Committee's decision makes clear that they were not convinced by Martha Shean's testimony and this Court is not privileged to reassess credibility determinations of administrative agencies. See Environmental Scientific, 621 A.2d at 208.
In light of the facts listed above, the Court cannot say that the record is devoid of support for the Committee's decision. Despite the presence of evidence that could support a contrary decision, this Court will not substitute its judgment for that of the Committee.
II. The Committee's Application of Law
Although the federal regulation quoted in the Committee's decision is inapplicable because George Shean was not an owner of Marshe, this error does not require reversal of the Committee's decision. While 23.53 (a)(4) refers to non-minority "owners", other parts of Section 23.53 make clear that a court is not confined to examining actual ownership to determine control. Section 23.53 (a)(2) provides that:
 An eligible minority business enterprise under this part shall be an independent business. The ownership and control by minorities or women
shall be real, substantial, and continuing and shall go beyond the pro forma ownership of the firm as reflected in its ownership documents. The minority or women owners shall enjoy the customary incidents of ownership and shall share the risks and profits commensurate with their ownership interests, as demonstrated by an examination of the substance rather than form of arrangements.
49 CFR Section 23.53 (a)(2) (emphasis supplied). This subsection requires the Committee to go beyond an inquiry into record ownership and to determine whether any circumstances prevent the woman or minority owners from actually possessing control. The subsections that follow this general statement and which refer to the presence of other owners or internal corporate rules that might dilute the minority's power merely provide examples of facts which may indicate lack of the requisite minority control. Under the language quoted above, a woman, although the only record owner, may fail to prove eligibility if the facts of the company's operation reveal that she lacks actual control. This is exactly what the Committee found in this case. Thus, although the Committee may have cited an inapplicable subsection, this Court finds that the decision itself is consistent with the federal regulations.
Moreover, state regulations support the Committee's decision when applied to the Committee's factual findings regarding control. Under state regulations, the relevant inquiry is also whether Martha Shean has actual control over the day-to-day and major decisions of the business. If her husband's involvement precludes Martha's ability to control certain activities, then WBE certification will be barred, regardless of George Shean's ownership interest. Section 3.03 of the state regulations delineates "control requirements" and provides that applicants must show "substantial" evidence that they meet all of a number of criteria, including that the woman owner:
 (e) Have the capability, knowledge and experience required to make decisions regarding their particular type of work.
 (f) Have displayed independence and initiative in seeking and negotiating contracts, accepting and rejecting bids and in conducting all major aspects of the business.
In this case the Committee decided that Martha Shean's experience, having focused primarily on administrative tasks, was insufficient to prove that she had the knowledge and expertise to enable her to control the business. In addition, while she testified that she actively negotiated contracts and supervised bids (R. at 17), the Committee did not believe that she undertook these tasks independent of her husband. The Committee apparently believed that Martha Shean depended on her husband due to his demonstrably superior expertise and his contacts in the construction field. (R. at 29-31, 36-7.) The Committee's discussion illustrates this belief:
 "Voice: When a company is applying for certification, the principle [sic] of the company is supposed to have the experience in the critical areas in which that company is seeking certification. . . . The question is is her husband just disproportionately responsible for the functioning of that company.
 Voice: . . . her husband is so intrinsically involved with all the parts of that company. He's bringing in himself, bringing in the contracts, he's also estimating, he's supervising, he's been into so many different areas . . . ."
For these reasons, the Committee found that Martha Shean did not actually control Marshe Construction. Thus, the decision is supported by the state regulations cited above.
Appellant has filed a supplemental memorandum in which it argues that the recent decision in V.F. Capaldi ConstructionCorp. v. Department of Economic Development, No. 92-4926 (July 20, 1993) (Israel, J.), requires reversal in this case. Capaldi
also involved review of a decision denying certification of an MBE. In that case, the court found that the rules and procedure followed by the Committee failed to comport with the requirements of due process and of the APA. Specifically, it held that the regulations promulgated by the Department of Economic Development conflicted with the federal regulations by requiring applicants to demonstrate "dominant control" of the business while the federal regulations require a showing of mere "control". Appellant argues that the Capaldi decision requires reversal here because the Committee also required a showing of "dominant control" in this case. However, a thorough review of the transcript and record produces no indication that the Committee required proof of "dominant control" or considered the evidence in those terms. At no point did the Committee ever use that phrase, but always referred to mere "control".
For the foregoing reasons, the Court finds that the decision of the Committee is not clearly erroneous in light of the evidence contained in the record and that appellant was not prejudiced by any error of law. Accordingly, the decision of the Committee denying certification is affirmed. Counsel shall submit the appropriate judgment for entry.
[1] The court notes that this recommendation refers in several places to Shean Associates as though it were the applicant in this case. While this reference causes some confusion, the heading on the recommendation is listed as Marshe Associates and it is clear from the record that the OMBA actually investigated the workings and records of Marshe and that the Committee was mindful of the distinction between Shean Associates and Marshe. Accordingly, the court finds that the erroneous reference to Shean Associates did not affect the recommendation or the decision of the Committee.
[2] All citations are to the appendix submitted by appellant.